IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JESUS A. VICENTE | * |
| | * |
|    Plaintiff | * |
| | * |
| v. | *     Civil No. 08-1210(SEC) |
| | * |
| GENESIS SECURITY, INC. | * |
| | * |
|    Defendant | * |

***********************************

**OPINION & ORDER**

Pending before the court is Defendant Genesis Security, Inc.'s Motion to Dismiss (Docket # 11) pursuant to FED. R. CIV. P. 12(b)(6), which is unopposed. After reviewing the filings and the applicable law, Defendant's motion to dismiss will be **GRANTED**.

**Factual and Procedural Background**

Plaintiff originally filed the instant action in the United States District Court for the Southern District of New York on October 3, 2007. The claim states Plaintiff, who is representing himself *pro se*, was the victim of unlawful discriminatory employment practices based on his Hispanic origin, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-200e-17 and the New York State Human Rights Law, N.Y. Exec. Law 290-297. See Docket # 4-3. More specifically, the Complaint alleges that he was "submitted under abuse of [his] rights and [his] salary" by Defendant. See Docket 4-3 at 3. As alleged in the Complaint, Defendant hired Plaintiff in Carolina, Puerto Rico, and the Equal Employment Opportunity Commission's (EEOC) issuance of the Notice of Right to Sue (NRS) was issued to a Puerto Rico address, the Southern District of New York was not the

proper venue for this case. 28 U.S.C. 1406(a).  The United States District Court for the District of Puerto Rico received the case on February 15, 2008.

Plaintiff served Defendant on June 6, 2008. See Docket # 8.  After receiving an extension of time to answer or otherwise plead (Docket # 9), Defendant filed a Motion to Dismiss. The crux of the motion is that Plaintiff's complaint, which is limited to the Southern District of New York's employment discrimination form, does not state a claim of *prima facie* discrimination, or other wise include actionable allegations, and also that it is time barred. Because the Complaint is particularly sparse on details, this Court will construe it as a Title VII claim for a hostile work environment and violations of state labor statutes. Furthermore, Plaintiff has not opposed this motion and the time provided by the Local Rules to do so has long elapsed. Therefore, Defendant's motion to dismiss is deemed unopposed.

**Standard of Review**

*Fed. R. Civ. P. 12(b)(6)*

In assessing whether dismissal for failure to state a claim is appropriate, the court must take "plaintiffs' well-pleaded facts as true and [indulge] all reasonable inferences therefrom to their behoof." Buck v. American Airlines, Inc., 476 F. 3d 29, 32 (1st Cir. 2007). "In conducting that tamisage, however, bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." Id. at 33; see also Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999). Therefore, "even under the liberal pleading standards of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortíz v. Margo Caribe, Inc., 490 F.3d 92 (1st Cir. 2007). Complaints do not need detailed factual allegations. Bell Atlantic Corp. v. Twombly, 127 S. Ct.

2

1955, 1965 (2007). However, factual allegations must be enough to raise a right to relief above the speculative level. Id.

**Applicable Law and Analysis:**

*Timeliness*

Defendant moves for the Court to dismiss all of Plaintiff's claims against it on the argument that they are time-barred, because he failed to file his complaint within the 90 day period following the EEOC's issuance of the NRS. From the documents attached to the Complaint, it appears that the EEOC issued a NRS on July 3, 2007. See Docket # 4-3 at 5. Pursuant to 42 U.S.C.A. § 2000e-5(e)(1), a Title VII plaintiff must exhaust the administrative remedies available to him within the 300 days following the conduct complained of and prior to filing suit in federal court. Lawton v. State Mut. Life Assur. Co. of America, 101 F. 3d 218, 221 (1st Cir. 1996); see also Bonilla v. Muebles J.J. Alvarez, 194 F. 3d 275, 278 (1st Cir. 1999). Moreover, a Title VII plaintiff must then file suit within 90 days of its actual receipt of the NRS issued by the EEOC. See 42 U.S.C.A. 2000 e-5(f)(1); Chico-Vélez v. Roche Products, Inc., 139 F.3d 56, 58 (1st Cir. 1998).

Defendant points out that Plaintiff did not file the instant action until October 3, 2007, which was 92 days after the EEOC issued him an NRS. See Docket 11 at 5. As such, they argue, "Plaintiff's Title VII claim is time barred and should be dismissed with prejudice." Even though the Motion to Dismiss is unopposed, this Court cannot accept Defendant's conclusion, because FED. R. CIV. P. 6(e) provides that "[w]henever a party must act within a prescribed period after service is made [by mail], 3 days are added after the prescribed period would otherwise expire."

While the First Circuit has not produced case law elucidating the applicability of FED. R. CIV. P. 6(e) to Title VII claims, this district has determined that the rule applies to situations such as the

3

present. See Vargas-Caban v. Sally Beauty Supply Co., 476 F. Supp. 2d 109, 113 (D.P.R. 2007); see also, e.g., Sánchez Ramos v. P.R. Police Dept., 392 F. Supp. 2d 167, 175 (D. P.R. 2005); Baldwin County Welcome Center v. Brown, 466 U.S. 147, 148 (1984). Sánchez clarified that "in cases in which the date of receipt is either disputed or cannot be established, Rule 6 creates a presumption that the communication was received by plaintiff three days after it was issued by the EEOC." Sanchez, id.

Applying Rule 6(e) to the facts of this case, Defendant has not provided any evidence as to when Plaintiff received the NRS. He is, accordingly, presumed to have received the NRS three days after the EEOC issued it, that is on July 3, 2007. Therefore, he had until October 4th to file his claim. By filing on October 3, 2007 (Docket # 4-3), Plaintiff filed his claim in a timely fashion. Accordingly, Defendant's argument that the Title VII suit is time-barred is a dead-end.

*Failure to State a Claim of Prima Facie Discrimination*

In recent years, the standard for pleadings has evolved to a stricter test, where district courts must analyze whether a plaintiff has made factual allegations in the complaint sufficient to, "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 127 S. Ct. at 934.  In other words, plaintiffs must provide in their complaint facts and allegations that could plausibly lead to entitlement to relief. Id.; see also Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007)(citing Rodriguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95-96 (1st Cir. 2007)). In the instant action, Plaintiff appears to allege that he was mistreated, and that wages were withheld from him due to his Hispanic origin. However, this is the extent of the allegations, leaving this Court with virtually no facts through which the plausibility of his complaint can be judged.

4

The First Circuit has stated that "issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." Forestier Fradera v. Municipality of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (citing United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)(internal quotation marks omitted)).  Parties may not sketch out skeletal contentions, leaving the court with the responsibility of constructing their arguments and allegations. See Casillas-Diaz v. Palau, 463 F.3d 77, 83 (D.P.R. 2006)(citing Zannino, 895 F.2d at 17); Lebron-Cepeda v. U.S., No. 06-1171, 2009 WL 161712, at *6 (D.P.R. Jan. 21, 2009).

Liberally constructing this claim, it appears to plead for relief from employment discrimination under Title VII of the Civil Rights Act, 42 U.S.C. 2000e-200e-17. The First Circuit has reiterated on many occasions the three step burden-shifting analysis for Title VII discrimination cases first espoused in McDonell Douglas Court. v. Green, 411 U.S. 792, 93 St.Ct. 1817 (1973). See Che v. Massachusetts Bay Transp. Authority, 342 F.3d 31, 38 (1st Cir. 2003); Feliciano de la Cruz v. El Conquistador Resort, 218 F. 3d 1, 6 (1st Cir. 2000). These cases have created a clear rule, where "[t]he plaintiff carries the initial burden under the statute of establishing a prima facie case of [racial or national origin] discrimination." Feliciano, 218 F.3d. at 5 (citing McDonnell Douglas, 411 U.S. at 802)(internal quotation marks omitted).

In cases involving employment termination, the *prima facie* discrimination is show by alleging that: "(1) the plaintiff is within a protected class; (2) she was qualified for, and performing her job at a level that met the employer's legitimate expectations; (3) she was nevertheless dismissed; and (4) after her departure, the employer sought someone of roughly equivalent qualifications to perform substantially the same work." Id. In cases involving a hostile work environment, "a plaintiff must show that [he] was subjected to severe or pervasive harassment that materially altered the

5

conditions of [his] employment." See Noveillo v. City of Boston, 398 F3d. 76, 92 (1st Cir. 2005); see also Faragher v. City of Boca Raton, 524 U.S. 775, 786, 118 S.Ct. 2275 (1998). Furthermore, "the harassment must be objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Id. (citing Faragher, 524 U.S. at 787)(internal quotation marks omitted).

In the case at hand Plaintiff's allegations are deficient, even for a *pro se* party. Plaintiff has not alleged that he was discharged from his employment, either directly or constructively, due to his race. Nor has Plaintiff alleged any facts at all, that could support a hostile work environment claim, even under the most lenient reading. As such, this Court must conclude that Plaintiff has not made factual allegations that could possibly be construed as sufficient to raise a right to relief above the speculative level. As such, his Title VII claims shall be **DISMISSED WITHOUT PREJUDICE**.

*Pendent State Law Claims*

While Plaintiff has alleged violations of New York statutes, Puerto Rico law would apply to the instant matter. Nevertheless, dismissal of the pendent state law claims is also proper because an independent jurisdictional basis is lacking. Exercising jurisdiction over pendent state law claims once the federal law claims are dismissed is discretional. See Newman v. Burgin, 930 F. 2d 955, 963-964 (1st Cir. 1991)(holding that "the power of a federal court to hear and to determine state-law claims in non-diversity cases depends upon the presence of at least one substantial federal claim in the lawsuit...[and] the district court has considerable authority whether or not to exercise this power, in light of such considerations as judicial economy, convenience, fairness to litigants, and comity"). Therefore, all of Plaintiff's state law claims against are hereby **DISMISSED WITHOUT**

**PREJUDICE**.

*Conclusion*

In light of the above, this Court concludes that Plaintiff's Title VII claims, whether construed as alleging a hostile work environment or discriminatory termination, are so deficient that no possible evaluation of the merits can be made. As a result, Defendant's Motion to Dismiss is **GRANTED**, and this case is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED.**
In San Juan, Puerto Rico, this 6th day of February, 2009.

> S/ *Salvador E. Casellas*
> SALVADOR E. CASELLAS
> United States District Judge